UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

PREMIER FENCE, INC., Civil No. 01-2293 RHK/AJB

Plaintiff,

v. ORDER

THE STANLEY WORKS,

Defendant.

---

WHEREAS, the above mentioned matter was settled by agreement of the parties and placed on the record before the undersigned Magistrate Judge on December 16, 2002, and

WHEREAS, the parties have been unable to agree upon settlement documents, and

WHEREAS, the Court has considered the submissions of the parties and has reviewed the transcript of the settlement placed on the record,

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

The attached General Release and Settlement Agreement fully and accurately reflects the agreement entered into between the parties on December 16, 2002.

Dated: 1/13/03

ARTHUR J. BOYLAN
United States Magistrate Judge

MEMORANDUM

A final and fully enforceable agreement was entered on the record on December 16, 2002. The parties are encouraged to sign the General Release and Settlement Agreement

Filed JAN 14 20[illegible]
Richard Sletten, Clerk
Judgment Entered ____________
Deputy Clerk's Initials ____________

that is attached hereto. However, even in the absence of signatures, the agreement is fully enforceable as stated therein.

The Court has deleted language proposed by defendant The Stanley Works, Inc. (hereafter "Stanley") that would have included a "Hold Harmless Agreement" within the settlement document. There was never such an agreement. At the same time however, plaintiff Premier Fence Inc.'s (hereafter "Premier") release of defendant was broader than the release given by Stanley to Premier. It was contemplated by Premier that settlement funds would be used to make repairs to its customer's fences. By making such repairs, Premier hopes to satisfy all of its customers. Despite its intentions to make repairs, Premier understood that it might nevertheless be sued by an unhappy customer. In this event, Premier, by virtue of the releases included in the above settlement, gave up the right to in turn sue Stanley as a third-party plaintiff, cross-claimant, or otherwise.

On the other hand, Stanley has not been sued by Premier's customers. Furthermore, in light of Premier's stated intentions of making appropriate repairs, did not believe that the danger of being sued by Premier's customers was great. If sued however, Stanley did not give up the right to bring a claim against Premier. In such a case, the relative liability of Premier and Stanley would have to be decided without reference to the parties agreement in this case.

When settling this case, Premier was aware that Stanley was not agreeing to indemnify or hold it harmless from customer's claims and that in fact, knew it could be sued by Stanley via a third-party complaint, cross-claim or otherwise, in the event of a customer bringing suit.

AJB

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Premier Fence, Inc., Plaintiff, vs. The Stanley Works, Defendant. | **Civil No. 01-CV-2293 (RHK/AJB)** **GENERAL RELEASE AND SETTLEMENT AGREEMENT** |

This General Release and Settlement Agreement ("Agreement") is made by and between Premier Fence, Inc. ("Premier") and The Stanley Works ("Stanley"), and the directors, officers, employees, insurers, agents, representatives, corporate predecessors, successors, assigns, and affiliates and parent, subsidiary and related corporations of Stanley.

WHEREAS, Premier sued Stanley on or about December 13, 2001 in the United States District Court, District of Minnesota, and served an Amended Complaint on Stanley on or about July 2, 2002, in a case entitled *Premier Fence, Inc. v. The Stanley Works,* File No. 01-CV-2298 (RHK/AJB) ("the Action"), asserting claims of breach of express warranty, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, and violation of the Minnesota Consumer Fraud Act.

WHEREAS, Stanley asserted a counterclaim against Premier in the Action on or about July 9, 2002, based on claims for breach of contract, account stated, and unjust enrichment.

WHEREAS, Premier alleged in this action that it purchased S12DSS stainless steel stick nails from Stanley which, for the time period used by Premier between approximately

May 19, 2000, and August 13, 2001, contained collating wire that was made of carbon wire rather than stainless steel wire.

WHEREAS, Premier alleged in this action that it owed a warranty obligation to its customers to repair any and all cedar wood fences built between May 19, 2000, and August 13, 2001, that were alleged to be damaged by the subject nails.

WHEREAS, Premier and Stanley (collectively, "the Settling Parties") have agreed to a final and binding settlement of the Action, as well as all other claims covered by this Agreement, which include any and all claims made by Premier's customers for certain repairs or remedies related to the subject fences both now and in the future; and

WHEREAS, the Settling Parties agree that nothing in this Agreement shall be construed as an admission.

NOW, THEREFORE, in consideration of the recitals that are incorporated herein, and for the mutual consideration described below, the receipt and sufficiency of which are acknowledged, the Settling Parties hereby agree as follows:

**The Settling Parties' Claims**

1. The claims that Premier is releasing are any and all legal rights, causes of action, damages, claims, demands, or suits of any kind, in law or in equity, contract, tort, statute or otherwise, known or unknown, that Premier has, had or may have, or claim to have, upon or by reason of, arising out of, or in connection with all claims that were asserted or could have been asserted in the Action.

2. Included in the claims that Premier is releasing are (1) any claims that Premier presently has against Stanley for the use of the subject nails or for any acts or omissions of

Stanley occurring before or after Premier's use of the subject nails between May 19, 2000 and August 13, 2001; (2) any claims against Stanley that Premier may have even though it is not presently aware of them; (3) any claims that may arise in the future based upon any acts or omissions of Stanley as a result of Premier's use of the subject nails that occurred prior to or on the date on which a representative of Premier signed this General Release; and (4) any and all claims that Premier made or could have made, whether then known or unknown, arising out of or in connection with all claims that were asserted or could have been asserted in the action entitled *Premier Fence, Inc. v. The Stanley Works*, Court File No. 01-CV-2298, in the United States District Court for the District of Minnesota.

3. The claims that Stanley is releasing are any and all legal rights, causes of action, damages, claims, demands, or suits of any kind, in law or in equity, that it may have against Premier for any losses, injuries, damages or expenses that have been suffered as a result of Premier's outstanding account balance owed to Stanley.

**Agreement to Release Premier's Claims**

4. In exchange for the "Consideration for Releasing Premier's Claims," which is described below and, which, on the date of signing this Agreement Premier has received from Stanley, Premier agrees to give up all of its claims, as defined above in the section entitled "The Settling Parties' Claims" against Stanley. Premier also agrees that it will not bring any lawsuits and will not make any demands against Stanley to hold Stanley responsible or legally obligated to pay or otherwise compensate Premier for any claims. Premier understands and agrees that the consideration that it has received is a full and fair compromise consideration for any and all injuries it may have suffered or damages it may have sustained, or for injuries or damages

which may arise in the future as a result of Premier's use of the subject nails and/or warranties made to its customers whether express or implied. Premier also agrees that the consideration it has received is a full and fair compromise for the release of all of its claims against Stanley, and it understands and agrees that Stanley does not owe Premier anything in addition to the consideration that Premier has already received. Premier understands that in exchange for the "Consideration for Releasing Premier's Claims," it is also giving up all claims against any unnamed potential defendant or other possible wrongdoer against whom it may have had a claim as a result of the use of the subject nails.

**Agreement to Release Stanley's Claims**

5. In exchange for the "Consideration for Releasing Stanley's Claims," which is described below and, which, on the date of signing this Agreement Stanley has received from Premier, Stanley agrees to give up all of its claims, as defined above in the section entitled "The Settling Parties' Claims" against Premier. Stanley understands and agrees that the consideration that it has received is a full and fair compromise consideration for any and all injuries it may have suffered or damages it may have sustained, or for injuries or damages which may arise in the future as a result of Premier's failure to pay its outstanding account stated with Stanley. Stanley also agrees that the consideration it has received is a full and fair compromise for the release of all of its claims against Premier, and it understands and agrees that Premier does not owe Stanley anything in addition to the consideration that Stanley has already received. Stanley understands that in exchange for the "Consideration for Releasing Stanley's Claims," it is also giving up all claims against any unnamed potential defendant or other possible wrongdoer against whom it may have had a claim as a result of Premier's failure to pay its account stated.

**Consideration for Releasing Premier's Claims**

6. Premier understands and agrees that it has received the following in full and final consideration for releasing its claims against Stanley:

- Two Hundred Thousand Dollars ($200,000) paid on behalf of Defendant The Stanley Works and made payable to "Premier Fence, Inc."

**Consideration for Releasing Stanley's Claims**

7. Stanley understands and agrees that it has received the following in full and final consideration for releasing its claims against Premier:

- Immediate return of all nails in the physical possession of Premier which are the subject matter of Stanley's counterclaim, including all galvanized nails that Premier claims were delivered to it in error.

**Agreement Regarding Confidentiality**

8. The Settling Parties and their respective counsel agree that the terms and conditions of this Agreement shall be treated as confidential. The Settling Parties agree to use best efforts not to disclose the terms and conditions of this Agreement (including the amount of the settlement) to any person exclusive of their counsel, spouse, accountants, bankers, federal, state or local income tax agencies, or pursuant to court order, document or deposition discovery subpoena, or as otherwise required by the laws of any state. The Settling Parties may state only that the matter has been settled to the parties' satisfaction. Furthermore, there shall be no public announcement of the terms of this Agreement, nor shall any party or their respective counsel undertake to disseminate the terms of this Agreement. If at some point in the future Premier

may undertake any repair work on the fences which are the subject matter of Premier's claims for a third-party homeowner not a part of this agreement, Premier may disclose only that these parties settled this action in a satisfactory manner.

9. The Settling Parties agree that this Agreement Regarding Confidentiality is a material condition of, an inducement to, and a condition precedent to entering into this General Release, and may be enforced by a contempt proceeding, or an action for an injunction or damages, or any combination thereof.

10. Counsel for Premier, Alfred H. Edwall, Jr. agrees not to pursue any claim against Stanley Works, Inc. or Faegre & Benson LLP for any attorneys fees incurred in the Action.

**Additional Agreements and Understandings**

11. The release of claims contained above shall be effective only after payment of the settlement proceeds and dismissal of the Action.

12. The Settling Parties are competent to sign this Agreement and understand that they are legally bound by the agreements made in this Agreement.

13. The Settling Parties acknowledge that they have read this Agreement and that they understand and fully agree to each and every provision hereof; and that each of them have been represented by counsel in connection with entering into this Agreement.

14. In any action to enforce the terms of this Agreement, the prevailing party shall be entitled to recover all costs incurred by it, including, without limitation, reasonable attorneys' fees.

15. This Agreement may not be modified or amended in any manner, except by written agreement signed by each party hereto.

16. The Settling Parties authorize their attorneys to execute a Stipulation of Dismissal With Prejudice of the lawsuit, with each party paying its own costs. The Settling Parties understand that by doing so, they are releasing all of their claims which were made or could have been made in the lawsuit described above.

17. This Agreement is entered into within and shall be construed under the laws of the State of Minnesota.

18. The Settling Parties understand and agree that this Agreement contains all of the agreements between the parties in this action and that no other written or oral agreements between the parties exist.

19. This Agreement constitutes the final agreement between Premier Fence, Inc. and The Stanley Works. This Agreement supersedes all prior agreements and understandings relating to the Settling Parties' claims.

ON BEHALF OF PREMIER FENCE, INC.:

Dated: ______________________, 2002 ______________________________
Patrick Caruso

Dated: ______________________, 2002 ______________________________
Diane Caruso

Subscribed and sworn to before me
this _____ day of ______________, 2002.

______________________________
Notary Public

ON BEHALF OF EDWALL LAW OFFICE

Dated: ______________________, 2002

_________________________________
Alfred H. Edwall, Jr.

Subscribed and sworn to before me
this _____ day of ______________, 2002.

_________________________________
Notary Public

ON BEHALF OF THE STANLEY WORKS:

Dated: ______________________, 2002

_________________________________

Title:

Subscribed and sworn to before me
this _____ day of ______________, 2002.

_________________________________
Notary Public

M2:20510388.02

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.